UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SALOMON AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00348-JPH-MJD |
| | ) | |
| DOUGLAS KRUSE MD, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Plaintiff's Motion for Assistance with Recruiting Counsel and Motion for Temporary Restraining Order and Granting Defendants' Motion for Protective Order**

### I.  Motion for Assistance with Recruiting Counsel

Plaintiff Salomon Ayala's renewed motion for assistance with recruiting counsel, dkt. [33], has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

 "Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647,

654-55 (7th Cir. 2007)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *Pruitt*, 503 F.3d at 655–56.

Mr. Ayala was in the segregated housing unit when he filed his renewed motion and stated he did not have specific information about which attorneys he contacted. He states he has attempted to contact attorneys (without estimating how many) and that he met with someone from the "Inmate Legal Assistance Project." Dkt. 33 at 2. Because of Mr. Ayala's vague response, the Court finds he has not met the first criteria and must continue to seek legal counsel on his own.

However, the Court chooses to proceed to the next inquiry. The Court must analyze Mr. Ayala's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help Mr. Ayala's case, but whether, given the difficulty of the case, his personal abilities are such that he is competent to litigate it himself. *McCaa v. Hamilton*, 893 F.3d 1027, 1033 (7th Cir. 2018).

Mr. Ayala alleges Eighth Amendment violations based on the medical care he has received for an injured hand. Mr. Ayala alleges that he received botched surgery on the hand and that the defendants have inadequately treated his pain and have failed to order necessary follow-up scans. His claims about the surgery itself were dismissed, so the remaining claims only deal with his subsequent pain treatment and diagnostic scanning. These medical claims are not particularly complex. But Mr. Ayala has presented some valid considerations for the recruitment of counsel. Mr. Ayala graduated from an alternative high school and has been diagnosed with a learning disability. He also has difficulty writing due to his injured hand, and English is not his first language. He received assistance with filing his complaint and the instant motion and states that he will not continue to have that assistance. However, Mr. Ayala subsequently filed a motion for

temporary restraining order, indicating he either still has access to help from other inmates or is able to file cogent pleadings on his own. This weighs against recruitment of counsel.

Further, Mr. Ayala states in his motion for temporary restraining order (to be discussed below) that he is unable to access the library due to a COVID-19-related prison-wide lockdown. Unfortunately, all incarcerated pro se litigants are experiencing the same hardship, but the Court cannot recruit attorneys for every inmate because the pool of volunteer attorneys is a limited one. The dispositive motion deadline is December 11, 2020. Dkt. 41. Mr. Ayala may seek an extension of time for filing his dispositive motion or a response to the defendants' dispositive motion if one is needed at that time.

Given the lack of complexity of his medical claims and the cogent pleadings he has thus far filed, the Court concludes that Mr. Ayala is competent to represent himself. Accordingly, Mr. Ayala's renewed motion for counsel, dkt. [33], is **denied without prejudice**. The Court will, however, be alert to the possibility of recruiting representation for Mr. Ayala at trial or at other points in the case where his incarceration and *pro se* status would make it particularly difficult for him to proceed without representation.

## II.     Motion for Temporary Restraining Order

Next, the Court addresses Mr. Ayala's motion for temporary restraining order and/or cease and desist order; motion for appointment of counsel; motion for injunctive relief," dkt. 42, which the Court construes as a motion for a preliminary injunction.

Mr. Ayala alleges that shortly after the defendants were served in this action, he was placed in the segregated housing unit (SHU) pending an investigation of whether he was receiving drugs through the mail. He was released from the SHU in February 2020. Mr. Ayala alleges that the Bureau of Prisons (BOP) placed him in the SHU to hamper his litigation efforts, and that even

after his release "they have taken his commissary, they have taken his phone privileges, they have taken his email privileges, his MP3 player privileges, they've removed his ability to access his contact list of friends, family and attorneys, they are not allowing incoming mail in at times" and that he had "no law library access [and] no photocopy access." Dkt. 42 at 2. He acknowledges that his lack of access to the law library and copier are due to a prison-wide lockdown to prevent the spread of COVID-19.

For relief, he requests that the Court "[o]rder his phone, email, commissary and other privileges restored;" "[s]anction the defendants for the gross, wanton and oppressive conduct;" and order his transfer to a different facility. *Id.* at 2–3.

Mr. Ayala's motion for a preliminary injunction, dkt [42], is **denied** because the relief sought is outside the scope of the claims proceeding in this case. "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). But a "district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Id.* The claims in this case stem from Mr. Ayala's allegations that the defendants have provided him inadequate medical care. The individuals responsible for Mr. Ayala's access to the prison library and means of communication are not defendants in this action. Mr. Ayala's claims in his motion are legally and factually unrelated to the issues in this case.

### III.    Defendants' Motion for Protective Order

Finally, the Court addresses the defendants' motion for protective order. The defendants have tendered their initial disclosures to Mr. Ayala, including Mr. Ayala's medical records related

4

to his medical claims. Among the records are emails concerning Mr. Ayala's September 20, 2017, trip to the hospital. The defendants seek to exclude a six-page email transmitting a "Lieutenant's Log" which the defendants assert contains information that could pose serious security risks if disclosed to Mr. Ayala, including "the operational status of various security features and details of internal staff security procedures, as well as medical and disciplinary information about other inmates who are not parties to this case." Dkt. 46 at ¶ 7. The only relevance to Mr. Ayala's case is a brief annotation memorializing that the trip to the hospital occurred, but there is no information about his medical treatment in the log. *Id.* at ¶ 6.

"Federal common law recognizes an 'official information' privilege that extends to the security considerations applicable to correctional facilities." *Whitington v. Sokol*, 2008 WL 435277 at *1 (D. Colo. Feb. 14, 2008). That privilege extends to matters that might jeopardize prison security or inmate and staff safety. *Id.* at *2; *see also Jackson v. Brinker*, 147 F.R.D. 189, 202 (S.D. Ind. 1993) (stating that interest in institutional security is a well-recognized federal common law privilege); *Thornburg v. Abbott*, 490 U.S. 401, 415 (1989) (stating that the legitimacy of the goal of protecting prison security is "beyond question"). "In determining what level of protection should be afforded by this privilege, courts conduct a case by case analysis, in which the interests of the party seeking discovery are weighed against the interests of the government entity asserting the privilege." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

Because the information enclosed in the Lieutenant's Log could create a danger if released and has no probative value to Mr. Ayala's claims, the defendants' motion, dkt. [46], is **granted**, and the defendants need not include the September 20, 2017, Lieutenant's Log in their disclosures.

### IV.   Conclusion

In summary, Mr. Ayala's renewed motion for assistance with recruiting counsel, dkt. [33],

is **denied without prejudice**. Mr. Ayala's motion for preliminary injunction, dkt. [42], is **denied**

because that motion requests relief outside the scope of this litigation. The defendants' motion for

protective order, dkt. [46], is **granted**; the defendants need not disclose the September 20, 2017,

Lieutenant's Log to Mr. Ayala.

**SO ORDERED.**

Date: 8/20/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SALOMON AYALA
14502-030
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov

Craig Morris McKee
WILKINSON, GOELLER, MODESITT, WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com